IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **EARNEST ROWLEY JR.,** | ) | **CASE NO. 4:06CV3125** |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **MICHAEL J. ASTRUE, Commissioner** | ) | |
| of the Social Security Administration, | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's Motion to Alter or Amend the May 21, 2007 Judgment. The Defendant, Commissioner Michael J. Astrue, asserts two grounds for the motion. First, the Defendant argues that the judgment should be reversed because substantial evidence supports the administrative law judge's ("ALJ") decision that Plaintiff Earnest Rowley, Jr. is not disabled. Second, the Defendant argues that even if the Court is not persuaded that substantial evidence supports the ALJ's determination, the judgment should be amended to remand for further proceedings before the ALJ rather than to remand for an award of benefits. The Commissioner argues that the evidence of Rowley's disability cannot be characterized as overwhelming, and therefore, remand for further proceedings is the appropriate course.

Without repeating the entire analysis in the Memorandum and Order, the Court reaffirms its decision to reverse the ALJ. Chief among the reasons for reversal is the ALJ's failure to conduct a proper credibility determination under *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). The ALJ's failed to consider 1) the significant number of prescription pain medications that had been prescribed to Rowley over several years, which increased in number and variety as his condition deteriorated and his pain increased; 2) the dosage

and reason for which the medications were prescribed; 3) the effects and side effects of the medications; and 4) Rowley's willingness to try different courses of treatment to find relief.  Separate from the credibility determination, the Court found that the ALJ failed to consider the evidence as a whole, for if such consideration had been attempted, Rowley's use of pain medication to manage his pain, and all that it entailed, would have been substantively addressed, and it was not.  This is not a case where substantial evidence in the record as a whole could support a finding of disability and could also support a finding of no disability under the Act.  For all the reasons stated in the Memorandum and Order dated May 21, 2007, the Court will deny that part of the motion seeking to amend the judgment's reversal of the ALJ.

The Commissioner also contends that judgment should be amended to remand the case for further proceedings rather than to calculate an award of benefits.  I decline to do so because the primary ground for reversal, the incomplete *Polaski* analysis, has been performed by this Court.  While courts will defer to an ALJ's credibility determination if it is supported by good reasons and substantial evidence, where the determination is not so supported, the Court may make its own findings. The Court's found, based on a complete *Polaski* analysis, that Rowley is credible, and the record already contains the vocational expert's opinion, assuming Rowley's credibility, that there are no jobs in the local or national economy that Rowley can perform on a sustained basis.

This is not a case where the record needs to be further developed or where there remains a material factual dispute. The only material evidence that fairly detracts from a finding of disability is Rowley's ability to maintain strength and range of motion, particularly in his arms and legs, despite his chronic pain.  Given that is the only material evidence

fairly detracting from the conclusion that Rowley is disabled under the Act, the Court finds that substantial evidence in the record as a whole supports a finding that Rowley was disabled as of his amended onset date, September 30, 2002, and that the remand should be for the calculation of a benefit award, and not for additional proceedings before the ALJ. *See Holmstrom v. Massanari*, 270 F.3d 715, 722 (8th Cir. 2001)(stating that where the claimant "has established his disability, it is unnecessary that this case be remanded to the Commissioner for further proceedings except to award benefits."); *Smith v. Heckler*, 735 F.2d 312, 319 (8th Cir. 1984)(stating that "because we are satisfied that substantial evidence on the record as a whole demonstrates that [claimant] is disabled and that he is entitled to disability benefits from November 25, 1979, we need not remand the case to the ALJ for further proceedings. *See Baugus v. Secretary,* 717 F.2d 443, 448 (8th Cir.1983)").

For these reasons, and all the reasons stated in the Court's Memorandum and Order dated May 17, 2007,

IT IS ORDERED:

The Defendant's Motion to Alter or Amend the Judgment of May 17, 2007, (Filing No. 21) is denied.

DATED this 28th day of June, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge